**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4766

KEITH MONTAGUE, a/k/a Michael
Lewis Walker,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-73-6)

Submitted: July 24, 1997

Decided: August 4, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Paul A. Weinman,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith Montague pled guilty to possession of 225 grams of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997), and was sentenced to a term of 151 months imprisonment. He appeals his sentence on the ground that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1995). We affirm.

Montague was arrested while transporting crack from New York into North Carolina. He immediately cooperated, but falsely identified himself as "Michael Lewis Walker." He persisted in using this name until after his guilty plea. When he was confronted by the probation officer with inconsistent information relating to "Michael Lewis Walker," Montague admitted that he had purchased an identification card in that name about a year earlier. Once Montague's real identity was known, the probation officer learned that he was an illegal alien and had pending drug charges in Connecticut and New York.

Montague conceded that he had obstructed justice and did not contest the recommended adjustment under USSG § 3C1.1. However, he argued that his guilty plea and early cooperation merited a reduction for acceptance of responsibility. Generally, an adjustment for obstruction of justice precludes an acceptance of responsibility adjustment, but in extraordinary cases both may apply. USSG § 3E1.1, comment. (n.4). The district court found that no extraordinary circumstances were present. We agree.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2